IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

BRIAN WRENN, *et al.*,
APPELLEES,

v.

DISTRICT OF COLUMBIA, *et al.*,
APPELLANTS.

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**REPLY OF APPELLANTS IN SUPPORT OF THEIR MOTION FOR AN IMMEDIATE ADMINISTRATIVE STAY**

This Court should grant the District of Columbia's motion for an immediate administrative stay while it considers the District's full motion for a stay of a preliminary injunction pending appeal. An administrative stay is essential to preserve the status quo and allow the District to continue enforcing a key provision in a public-safety measure designed to regulate the number of handguns carried in public, which the Council of the District of Columbia has found is essential to controlling crime and protecting the public from gun-related violence.

## BACKGROUND

On the evening of May 18, 2015, the district court entered a preliminary injunction requiring the District to issue a license to carry a concealed handgun to any named plaintiff or member of the Second Amendment Foundation, regardless of whether the applicant has "good reason" for public carrying, so long as he is otherwise qualified. District Court ECF Record Document ("RD") 13. The District has appealed this order and, in an effort to preserve its right to enforce this important public-safety law while its appeal is pending, moved this Court for a stay of this injunction pending appeal, and an immediate administrative stay while this Court considers the full stay motion.

The plaintiffs oppose the motion for an administrative stay (they will later oppose the full stay motion). Plaintiffs' Opposition ("Opp.") 1 & n.1. They argue that the District's request for such relief is "dilatory" and "untimely," and that the District has failed to demonstrate any emergency warranting such relief. Opp. 2-12. They are wrong. As discussed below, the District has done everything it can to preserve its right to enforce the "good reason" standard while respecting this Court's rules, including the provisions requiring the District to first seek stay relief from the district court unless otherwise "impracticable." And the District has offered considerable evidence and authority establishing the need for immediate relief in the form of an administrative stay to preserve the status quo while the full

2

stay motion is pending. Indeed, plaintiffs' recent motion to suspend the briefing schedule on the full stay motion in this Court while the district court considers whether to grant a stay supports the need for an immediate administrative stay to preserve this critical piece of the District's new licensing scheme until the district court can hold its July 7, 2015 hearing and thereafter rule on the stay motion pending there.

## DISCUSSION

### I. The District's Motion Is Timely.

Under this Court's rules, a party seeking a stay pending appeal "must ordinarily move first in the district court" or "show that moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(1), 2(A). "This is 'the cardinal principle of stay applications.'" *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) (quoting 16A Wright & Miller, *Federal Practice and Procedure* § 3954 (3d ed. 1999)).

The District complied with both the letter and spirit of this rule—it promptly and thoroughly exhausted any opportunity to obtain emergency relief in the district court before seeking such relief here. On May 26, just five business days after the injunction was issued, the District moved the district court to stay the preliminary injunction pending appeal, and to enter an immediate administrative stay while it considered the full stay motion. RD 15. Two days later, the court denied the

administrative stay. RD 17. That order set a briefing schedule that *sua sponte* enlarged the plaintiffs' deadline to oppose the motion by ten days (while shortening the District's reply deadline by three days), and scheduled oral argument for July 7, 2015—*six weeks* after the District had filed its stay motion. RD 17, at 2; *cf.* D.D.C. LCvR 7(b), (d) (normal response and reply times).

Just two business days later, on June 1, the District moved the district court to expedite the briefing schedule—offering to forgo argument—so that the court could rule on the stay motion quickly. RD 19. This was not an exercise in futility—the District had reason to believe the request would be granted. When the district court issued the preliminary injunction on May 18, it had ordered the parties to appear for a status hearing on July 7. RD 13, at 23. It seemed likely that this had affected the decision of Judge Frederick J. Scullin, Jr., who presides in the Northern District of New York, to select this far-off date for oral argument on the stay motion. *See* RD 13, at 23. The District hoped that its offer to forgo argument would encourage the court to expedite briefing and rule promptly on the stay motion. *See* RD 19, at 4-5.

Plaintiffs argue that the District "could have definitely moved sooner" for emergency relief, both in the district court and this Court. Opp. 4. But the District wished not only to offer the district court a reasonable way to resolve the stay motion promptly, but also to provide the district court, and then this Court, with

briefs that are thorough, concise, and accurate. That the District recognized its obligation to effectively justify the relief it sought does not detract from the importance and immediacy of the concerns it raises.

Plaintiffs also argue that this Court should not even consider the District's motion for an administrative stay because it was not filed "7 days before court action is necessary." Opp. 2. But this is not so. To be sure, the District would prefer that this Court grant an administrative stay immediately, and with this reply the matter is now ripe for the Court to rule. But the request for an administrative stay will not become moot in 7 days; Court action will be just as necessary then as it is now. Unless this Court expedites the normal motions schedule, it will not even consider the District's full stay motion in the next seven days. *See* Fed. R. App. P. 27(a)(3)-(4) (requiring opposition to a motion to stay "10 days after service of the motion unless the court shortens or extends the time" and requiring the Court to "give[] reasonable notice to the parties [if] it intends to act sooner"). Indeed, under the current schedule set by the Court, plaintiffs' opposition to the full stay motion is not due until June 25, 2015. *See* D.C. Cir. 15-7057 (June, 11, 2015 docket entry).

Moreover, the plaintiffs are actively moving this Court to *delay* ruling on the District's full motion to stay much longer than ordinarily permissible under the rules. Concurrent with their opposition to an administrative stay, they have moved

this Court to stay briefing on the District's motion for a stay pending appeal. Plaintiffs' Mot. to Stay Briefing 3. They argue that, because their response to the District's motion to stay pending appeal will be due in the district court three days before it is due here, this Court should stay briefing now and let the district court rule on the matter sometime after it hears argument on July 7. Plaintiffs' Mot. to Stay Briefing 3. The plaintiffs therefore not only concede that the full stay motion is unlikely to be considered in the next seven days, they urge this Court to wait *at least a month* before even ordering the plaintiffs to file their opposition to the District's motion.[1] Accepting the plaintiffs' invitation would run afoul of Rule 8(a)(2)(A), which allows a party to seek a stay in this Court without even *moving* for a stay in the district court—let alone wait for the ruling—when doing so would be impracticable, because this Court has its own authority to determine whether a stay pending appeal should be granted and to act quickly when the district court cannot or will not.

The District would not oppose a delay in briefing the full stay in this Court, however, *if* an administrative stay is first issued. That would allow the district

---

[1] There is no guarantee that the district court will rule at oral argument on July 7, or even soon thereafter. It is worth noting that the parties completed their briefing on the plaintiffs' motion for a preliminary injunction on February 27, 2015, and the district court did not rule until May 18, 2015, almost three months later. It is also worth noting that it ruled on that motion without a hearing, yet has declined to rule on the stay motion without one, as the District suggested.

court whatever time it needs to rule on the full stay request. The District sought relief in this Court only because it could not wait six weeks—or perhaps much longer—for the right to enforce its duly enacted laws.

II. **The District Has Demonstrated A Need For Immediate Relief To Preserve The Status Quo While This Court Considers Its Full Stay Motion.**

The District offered two bases for its right to immediate relief, neither of which has been adequately addressed by the plaintiffs. *First*, as the Chief Justice of the Supreme Court has noted, "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)); *see also Strange v. Searcy*, 135 S. Ct. 940 (2015) (Thomas, J., dissenting) ("The equities and public interest . . . generally weigh in favor of enforcing duly enacted state laws."). The District and its citizenry are suffering precisely this form of irreparable injury every day they are precluded from enforcing the "good reason" provision—a key component in their concealed-carry licensing regime.

Plaintiffs argue that, because the Metropolitan Police Department ("MPD") has 90 days to process new applications, there is no "emergency" warranting an administrative stay. But applications are filed at different times, and for some the

90-day period will run while the Court considers whether to grant a full stay. Moreover, the District has an interest in the *uniform* application of its laws. MPD should not have to apply one set of standards to some people and another set to others, especially when the groups are distinguished only by whether they are members of the Second Amendment Foundation (which is not apparent on the face of their applications). It should not have to start the 90-day process for approval of new licenses—where it is plain that no "good reason" can be demonstrated—while it waits to find out whether it will be allowed to enforce a law that would prohibit licensure. And if the plaintiffs are truly arguing that the District will not have to issue any licenses without "good reason" before this Court rules on the District's full stay motion, *see* Opp. 6, they cannot claim *any* injury as a result of a brief administrative stay.

*Second*, as the District explained in its motion, immediate injunctive relief is in the public interest because it will preserve the public safety objectives the Council enacted the "good reason" provision to preserve. The Council's predictive judgments deserve deference. *See Heller v. District of Columbia*, 670 F.3d 1244, 1258-59 (D.C. Cir. 2011); *Turner Broad. Sys. v. FCC*, 520 U.S. 180, 195 (1997) ("*Turner II*"). And the Council has explicitly found, based on empirical studies, expert testimony, and the reasoned analysis of other state legislatures and courts upholding similar licensing regimes, that an increase in the number of handguns

carried in public increases the risk of violent crime and the burden on the District's police force. Committee on the Judiciary and Public Safety, D.C. Council, Report on Bill 20-930, at 4-7, 17-19 (Nov. 26, 2014) ("Comm. Rep.") *available at* http://lims.dccouncil.us/Download/32576/B20-0930-CommitteeReport1.pdf. The plaintiffs disagree with the Council's findings. Opp. 8-12. But they have cited no authority suggesting that *their* predictive judgment is entitled to deference.

This Court should conclude that the District's interest in preserving the status quo—so it can uniformly enforce its laws and perform the acts its duly elected officials have decided will best protect the public from gun-related violence—vastly outweighs any speculative injury the plaintiffs will suffer from a brief delay in the processing of their concealed-carry applications while the District's full motion to stay is pending.

## CONCLUSION

The Court should grant an immediate administrative stay while it considers the District's full motion to stay the preliminary injunction pending appeal.

9

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TODD S. KIM
Solicitor General

LOREN L. ALIKHAN
Deputy Solicitor General

/s/ Holly M. Johnson
HOLLY M. JOHNSON
Assistant Attorney General
Bar Number 476331
Office of the Solicitor General

Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001
(202) 442-9890
(202) 715-7713 (fax)
June 2015 holly.johnson@dc.gov

# CERTIFICATE OF SERVICE

I certify that on June 12, 2015, electronic copies of this reply were served through the Court's ECF system, to:

Alan Gura, Esq.
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314

/s/ Holly M. Johnson
HOLLY M. JOHNSON