NOT YET SCHEDULED FOR ORAL ARGUMENT

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| BRIAN WRENN, et al., ) | Case No. 15-7057 |
| ) | |
| Plaintiffs-Appellees, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants-Appellants. ) | |
| ) | |
| _____) | |

RESPONSE TO APPELLANTS' MOTION TO EXTEND BRIEFING SCHEDULE

Appellees would agree to Appellants' motion to extend the briefing schedule if (1) the stay of the District Court's injunction, said injunction securing Appellees' fundamental rights, were lifted, and (2) if the Appellees' Brief would be due September 30, 2015.

\* \* \*

The question here is not whether the District should have enough time to prepare its appeal considering its counsel's schedule. Rather, the questions are: (1) why are counsel's supervisors newly-assigning an unavailable attorney to the case, when they have other options, (2) having known of their preferred counsel's vacation schedule, why did

Appellants delay in noticing the appeal by three weeks, generating the necessity for a two-and-a-half-week extension, and (3) when will the delays plaguing this dispute since October, 2009, cease?

Undersigned counsel is particularly sympathetic to opposing counsel's vacation conflict, not least because earlier in the litigation of this dispute, his motion for an accommodation of an overseas family vacation was constructively denied.[1] Such requests should always be granted absent actual prejudice to the parties. Regrettably, this is such a case.

The best solution would be to grant the Appellants' requested extension while mitigating the prejudice by lifting the stay, but Appellants have declined that option. This Court may still order that relief.

---

[1] In the related predecessor case, *Palmer v. District of Columbia*, the District Court's judgment issued on a Saturday, July 26, 2014, three days before Appellees' counsel was scheduled to leave the country for an extended family vacation. The parties had agreed to a 90 day stay, but counsel had only five days to brief opposition to the longer stay request. As a practical matter, that could not be extended, and Appellees' counsel prepared and filed that opposition on time. Counsel's request to extend the deadline for seeking attorney fees until after the vacation was not ruled on, necessitating that motion to also be prepared and filed during the vacation. This was not Appellants' fault, but it goes to show that sometimes, vacations are not accommodated.

This Court's June 29 order reflects the usual bargain in this type of situation. A federal judge's injunction, finding that the city is irreparably harming the people's fundamental rights, was stayed, but briefing and argument were expedited. Now Appellants want to have it both ways—they wish to keep depriving people of the means of self-defense against criminal violence, all the while delaying (again) the briefing and resolution of this dispute.

Appellants should choose one or the other. If this dispute will be dragged out yet again, the least that might be done for the Appellees is to have the stay of the District Court's injunction lifted. This dispute has seen delay upon delay, at Appellees' expense, for *years*. To be sure, not all of that is the Appellants' fault. See Petition for Writ of Mandamus, *In re Palmer*, No. 13-5317 (Oct. 21, 2013). But the last year of delay is fairly chargeable to the Appellants.

Let us recap the delays in this dispute.

Appellee Second Amendment Foundation and three of its other members first challenged the District's total ban on carrying handguns for self-defense in August, 2009. The case was ready to be decided on cross-motions for summary judgment as of October 6, 2009, but

3

notwithstanding the Plaintiffs' persistent efforts to generate some sort of decision, including a petition for writ of mandamus that was later renewed, no decision of that simple, factually-undisputed case was forthcoming until Plaintiffs prevailed on July 26, 2014.

Plaintiffs agreed to a 90-day stay of the injunction to allow the District to formulate remedial legislation. But the "remedial" legislation was merely the revival of a discretionary licensing scheme under which no one could recall licenses ever having been issued for decades. The new/old scheme did not, and does not, treat the carrying of defensive handguns as a right.

Meanwhile, Appellants sought reconsideration of the court's decision, as they resisted even the concept of maintaining a symbolic licensing program. Losing the reconsideration motion, they delayed in filing an appeal, then unsuccessfully moved to have their own appeal held in abeyance, then obtained an extension of the briefing schedule, and finally having exhausted all apparent delay tactics within the litigation—dismissed the appeal, thereby delaying appellate resolution of the main constitutional question until the next case.

This is that next case. And the pattern of delay repeats, this time with an inexplicable three-week delay in noticing the appeal (the District Court had quickly let it be known that it would not stay its injunction), and now, this request. Appellants do not explain why they need to bring in an unavailable attorney (surely the City has options), or why they did not notice the appeal earlier, which would have obviated the need for this extension.

Obviously, Appellants view delay as a strategy. Appellees will not speculate as to why, but the pattern is clear enough. And as distasteful as it is to resist an extension request, counsel cannot in good conscience agree to any additional delays without obtaining some relief for his long-suffering clients, who are justifiably convinced that no delay is ever the last delay. When delays stretch out for years and years, when injunctions and judgments come and go and still the constitutional violations sit largely unresolved, it becomes very difficult to accept any additional delays without commensurate relief for the Appellees.

\* \* \*

The District Court has now twice ruled, since nearly a year ago, that Appellants must respect the people's fundamental right to bear

arms. It is time for that decision to be implemented. If that decision is to be stayed, the expedited briefing schedule should be preserved. If there is no expedition of the briefing and consideration of this appeal, the stay should be lifted. And in either event, should the Appellants' two-and-a-half-week extension be granted, the Appellees' Brief should be due September 30 (as the 28th is not easily workable for Appellees).

Appellees respectfully request that Appellants' motion be granted with the aforementioned two day extension on the Appellees' briefing and a lifting of the stay of the District Court's injunction.

Dated: July 10, 2015          Respectfully submitted,

Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/703.997.7665

By:    /s/ Alan Gura
       Alan Gura
       Attorney for Appellees

CERTIFICATE OF SERVICE

I certify that on this 10th day of July, 2015, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF System. I further certify that I will submit any required paper copies to the Court. I further certify that counsel for Defendants-Appellants is a registered CM/ECF user and will be served via the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 10th day of July, 2015.

/s/ Alan Gura
Alan Gura

*Counsel for Plaintiffs-Appellees*