NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 15-7057

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

BRIAN WRENN, *et al.*,
APPELLEES,

v.

DISTRICT OF COLUMBIA, *et al.*,
APPELLANTS.

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**REPLY IN SUPPORT OF APPELLANTS' MOTION TO EXTEND THE
BRIEFING SCHEDULE BY TWO-AND-A-HALF WEEKS**

The District of Columbia and Metropolitan Police Department Chief Cathy L. Lanier ("the District") have moved to extend the briefing schedule by two-and-a-half weeks. Appellees oppose this extension unless the stay pending appeal that this Court issued on June 29 is lifted because, in their view, the motion is part of a pattern of delay. That is simply incorrect. The extension should be granted, and there is no reason to reconsider the decision to issue a stay.

As explained in the papers relating to the stay pending appeal, the District acted promptly in seeking relief from this Court. Appellees have no cause to complain that the District did not note an appeal as soon as it could have within its

30-day appeal period. In fact, the District first ensured that the district court had the opportunity to consider whether to grant a stay pending appeal, and then quickly asked this Court for relief after the district court made clear it would not act within a reasonable time. Appellees do not explain why the supposed delay in noting the appeal made any difference, nor is any reason apparent. Indeed, this Court granted the District's motion for a stay over a very similar delay argument in appellees' opposition.

Appellees also complain about delays in an earlier case in which the District voluntarily dismissed an appeal, *Palmer v. District of Columbia*, No. 14-7180. Appellees are wrong to try to claim that this case is an extension of that one, and thus that any delays there are relevant here. This case is about the legal regime that the District adopted to comply with the injunction in *Palmer*; indeed, the district court in *Palmer* denied a motion for contempt because the pre- and post-amendment laws were "entirely different." *Palmer v. District of Columbia*, D.D.C. No. 1:09-cv-01482-FJS, ECF No. 92, at 8 (May 18, 2015). Moreover, appellees identify nothing the District did improperly in *Palmer*.

Finally, the District's staffing decisions in this case are entirely appropriate. As explained in the motion, undersigned counsel is lead counsel on this case and the only line attorney in her office who handles appeals related to the District's regulation of firearms. Appellees appear to believe all the attorneys working for

the District are fungible, but this is not so. As the Court's records show, she has participated in the Second Amendment appeals in *Palmer*; *Heller v. District of Columbia*, No. 10-7036 ("*Heller II*"); and *Heller v. District of Columbia*, No. 14-7071 ("*Heller III*"). Especially in an important case like this one, the District and the Court have interests in ensuring that the briefing is as good as it can be.

    The District thus has done nothing to warrant appellees' suggestion that it should have to choose between an extension and the stay pending appeal this Court has already decided to issue. Appellees provide no reason for the Court to reconsider its decision, and a modest, two-and-a-half week extension is thus warranted—especially since granting the extension should not meaningfully affect when the appeal will be decided and the District would have no objection to having oral argument scheduled as soon as the Court wishes after briefing is completed.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TODD S. KIM
Solicitor General

LOREN L. ALIKHAN
Deputy Solicitor General

/s/ Holly M. Johnson
HOLLY M. JOHNSON
Assistant Attorney General
Bar Number 476331
Office of the Solicitor General

Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001
(202) 442-9890
(202) 715-7713 (fax)
July 2015   holly.johnson@dc.gov

## CERTIFICATE OF SERVICE

I certify that on July 10, 2015, electronic copies of this reply were served through the Court's ECF system, to:

Alan Gura, Esq.
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314

                                        /s/ Holly M. Johnson
                                        HOLLY M. JOHNSON