ORAL ARGUMENT SCHEDULED FOR NOVEMBER 20, 2015

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-7057 |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |
| _____ | ) | |

RESPONSE TO DEFENDANTS' NOTICE OF FILING AND NOTICE OF FILING

Apparently unsatisfied with their prospects of obtaining a new

District Judge from this Court, Defendants-Appellants are now

shopping for a different panel to rule on the question of Judge Scullin's

designation—in this case, the District Court's Calendar and Case

Management Committee instead of the merits panel that ordered

briefing on that question and will presumably rule on the matter, one

way or another, soon enough.

Defendants' motion might also be a means of shopping for a different

appellate panel on the substantive merits. This panel may or may not

reach those questions. But while this interlocutory appeal is pending, a new District Judge might be appointed as soon as November 19 under the ordinary briefing deadlines below—the day before argument here—and thereafter proceed to the merits, mooting this appeal. *Am. Postal Workers Union* v. *U.S. Postal Serv.*, 764 F.2d 858, 860 n.3 (D.C. Cir. 1985); *DynaLantic Corp.* v. *DOD*, No. 96-5169, 1996 U.S. App. LEXIS 30418 (D.C. Cir. Oct. 7, 1996).

Of course, the fact that this Court has before it the question of Judge Scullin's designation divests the District Court of jurisdiction over that same question. *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). That significant judicial and litigant resources have been expended assuring that appellate guidance on the question will soon be forthcoming would be another reason for the District Court to hold off. That much, at least, is the standard practice.

And then there are the not-insignificant points that the Defendants' motion is not only time-barred, *see* LCvR 40.5(b)(2) ("Any objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion"), but

inappropriate under the District Court's rules. As the comment to LCvR

40.5(c)(3) makes clear:

> The Court has eliminated the provision in this Rule that permitted a party to appeal to the Calendar and Case Management Committee an individual judge's decision with respect to whether cases are related because the Court does not believe it is appropriate for a party to be able to seek review of a decision of one judge of this Court by three of that judge's co-equal colleagues. As amended, the Rule would make the individual judge's decision final.

In any event, the parties should be spending this time preparing for

argument, not litigating the same question before a District Court

panel on Defendants' effort to obtain a second bite at the judicial

assignment question, if not the merits.

Plaintiffs-Appellees have expressed these points to the District Court

in moving that their deadline to respond to the Defendants'

reassignment motion be extended until fourteen days following the

issuance of this Court's mandate. *See* Exhibit A. Defendants have

stated that they cannot consent to this motion—they apparently want

the Calendar and Case Management Committee, not this panel, to rule

on the question this panel raised, and perhaps thereby accelerate a

final decision below before this appeal is concluded. If Plaintiffs' motion

to extend briefing opposition to that ploy is not granted, and it appears

that the Calendar and Case Management Committee intends to effectively decide a portion of this appeal and place a cloud over the rest, Plaintiffs will seek a stay of those proceedings in aid of this Court's appellate jurisdiction. Plaintiffs would not object should the Court take that step itself before then.

Dated: October 26, 2015   Respectfully submitted,

           Alan Gura
           Gura & Possessky, PLLC
           105 Oronoco Street, Suite 305
           Alexandria, VA 22314
           703.835.9085/703.997.7665

     By: /s/ Alan Gura
        Alan Gura

        Attorney for Appellees

CERTIFICATE OF SERVICE

I certify that on this 26th day of October, 2015, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF System. I further certify that I will submit any required paper copies to the Court. I further certify that counsel for Defendants-Appellants is a registered CM/ECF user and will be served via the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 26th day of October, 2015.

/s/ Alan Gura
Alan Gura

*Counsel for Plaintiffs-Appellees*