IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, et al.,            ) | Case No. 15-CV-162-FJS |
|                                 ) | |
| Plaintiffs,         ) | |
|                                 ) | |
| v.                              ) | |
|                                 ) | |
| DISTRICT OF COLUMBIA, et al.,   ) | |
|                                 ) | |
| Defendants.         ) | |
| _____ ) | |

MOTION TO EXTEND TIME TO RESPOND TO
DEFENDANTS' MOTION FOR CASE REASSIGNMENT

COME NOW the Plaintiffs, Brian Wrenn, Joshua Akery, Tyler Whidby, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and move pursuant to Fed. R. Civ. P. 6(b) for an order extending the time to respond to Defendants' Motion for Case Reassignment (Dkt. 33), until fourteen (14) days after the issuance of the Court of Appeals' mandate in the present interlocutory appeal.

Counsel have met and conferred regarding this motion, Defendants are opposed to the motion.

Dated: October 26, 2015            Respectfully submitted,

                                   Alan Gura (D.C. Bar No. 453449)
                                   Gura & Possessky, PLLC
                                   105 Oronoco Street, Suite 305
                                   Alexandria, VA 22314
                                   703.835.9085/Fax 703.997.7665

                              By:  /s/ Alan Gura
                                   Alan Gura
                                   Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-CV-162-FJS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO EXTEND TIME TO RESPOND TO DEFENDANTS' MOTION FOR CASE REASSIGNMENT

STATEMENT OF FACTS

1. On September 15, 2015, the Court of Appeals ordered the parties to brief answers to two questions: whether Judge Scullin was properly assigned to hear this case, and if not, whether that had any impact on Judge Scullin's jurisdiction to enter the injunction.

2. The parties filed their respective briefs on October 5, 2015. Defendants offered their newly discovered views, but Plaintiffs pointed out that the designation to "perform judicial duties" in *Palmer* v. *District of Columbia*, No. 09-1482, necessarily included the ordinary obligation under LCvR 40.5 to hear related cases, per 28 U.S.C. § 296; that the Defendants declined to timely object to the related case assignment, although they were aware of the process, as they demonstrated in *Smith* v. *District of Columbia*, No. 15-737; and that even if there were a related case assignment error, Defendants' failure to timely object, plus the fact that Judge Scullin is an Article III judge (and not some random person) who exercised this Court's jurisdiction (as opposed to that of some other court), would have made the order jurisdictionally sound under the judge de facto doctrine,

1

*see, e.g., Nguyen* v. *United States*, 539 U.S. 69, 77 (2003); *Ryder* v. *United States*, 515 U.S. 177, 180 (1995); *McDowell* v. *United States*, 159 U.S. 596 (1895); *Ball* v. *United States*, 140 U.S. 118 (1891).

3. Defendants' interlocutory appeal is fully briefed, and set for argument before Judges Pillard, Silberman and Sentelle on November 20, 2015.

4. Notwithstanding the fact that the judicial assignment question is before the D.C. Circuit, in a proceeding to be argued imminently, Defendants moved for a case reassignment on the afternoon of October 23, 2015.

5. Defendants' counsel offered that the request for reassignment "may make no immediate difference at all." *See* Exhibit A.

6. Pursuant to LCvR 7(b) & (d), and Fed. R. Civ. P. 6(d), Plaintiffs' opposition to the motion for reassignment is due November 9, 2015, and Defendants' reply would be due November 19, 2015—the day before the D.C. Circuit is to hear argument in this case.

ARGUMENT

The D.C. Circuit has before it the specific question of whether the judicial assignment was correct (it was). That would ordinarily be reason enough to delay ruling on the matter, as this Court now lacks jurisdiction to decide that question. *See, e.g., United States* v. *Sparks*, 885 F. Supp. 2d 92, 102 (D.D.C. 2012) (notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects involved in the appeal") (citations omitted).

But there is more. Even if there were not a jurisdictional bar to (belatedly) litigating the exact issue already being litigated before the D.C. Circuit, good cause would plainly exist to delay visiting the assignment question here. It is the standard common-sense practice, requiring little explanation, to stay district court proceedings where a pending appeal will likely provide material

guidance on the question before the district court, especially where no prejudice would befall any party by waiting for appellate guidance. This practice has been repeatedly seen in Second Amendment cases. *See*, *e.g.*, *Defense Distributed* v. *U.S. Dep't of State*, No. 15-372-RP, Dkt. 66 (W.D. Tex. Oct. 1, 2015); *Fyock* v. *City of Sunnyvale*, No.5:13-5807-RMW, Dkt. 64 (N.D. Cal. Mar. 27, 2014); *Jackson* v. *City & Cnty. of San Francisco*, 3:09-2143-RS, Dkt. 154 (N.D. Cal. Dec. 31, 2012); *Ezell* v. *City of Chicago*, No. 1:10-CV- 5135, Dkt. 19 (N.D. Ill. April 8, 2011); *Pena* v. *Cid*, 2:09-CV-1185- FCD-KJM, Dkt. 28 (E.D. Cal. August 9, 2010); *Pena* v. *Cid*, 2:09-CV-1185-FCD-KJM, Dkt. 24 (E.D. Cal. Oct. 2, 2009); *Jackson* v. *City & Cnty. of San Francisco*, 3:09-2143-PJH, Dkt. 22 (N.D. Cal. August 27, 2009). This Court's order of June 24, 2015, Dkt. 24, stands in accord with this policy.

Why waste time litigating an issue before three district court judges, when three *circuit* court judges are already considering the matter? And since the D.C. Circuit might well agree with Plaintiffs that the assignment of this case was proper, an unnecessary, premature re-assignment could materially prejudice both parties, were the case to needlessly proceed before another judge less familiar with the issues the case presents.

On the other hand, there is no telling what might happen if the case is reassigned in the district court prior to the D.C. Circuit's decision. For example, might the next district court judge decide the case in the Defendants' favor while the current appeal is outstanding, essentially allowing the Defendants to shop not only for another district judge, but for a different D.C. Circuit panel's view of the merits by mooting the instant appeal? *Am. Postal Workers Union* v. *U.S. Postal Serv*., 764 F.2d 858, 860 n.3 (D.C. Cir. 1985); *DynaLantic Corp.* v. *DOD*, No. 96-5169, 1996 U.S. App. LEXIS 30418 (D.C. Cir. Oct. 7, 1996). This motion is already an attempt to shop for a different

panel—the Calendar and Case Management Committee, instead of the presently-constituted D.C. Circuit panel—on the judicial assignment question. For their part, Defendants maintain that the reassignment "may make no immediate difference at all," Exhibit A, which only begs the question: why decide this matter here now, when the D.C. Circuit will decide it soon enough? As far as Defendants are concerned, probably for the reason they object to this motion: their reassignment ploy is an obvious end-run around the D.C. Circuit panel.

Solid grounds exist on which to oppose the reassignment motion. It is time-barred, for one. *See* LCvR 40.5(b)(2) ("Any objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion.").[1] The Calendar and Case Management Committee to whom the motion is directed also lacks authority to grant this sort of request, which is nothing more than an untimely challenge to a related-case designation. As the comment to LCvR 40.5(c)(3) makes clear:

> The Court has eliminated the provision in this Rule that permitted a party to appeal to the Calendar and Case Management Committee an individual judge's decision with respect to whether cases are related because the Court does not believe it is appropriate for a party to be able to seek review of a decision of one judge of this Court by three of that judge's co-equal colleagues. As amended, the Rule would make the individual judge's decision final.

The reassignment motion completely flouts the local rules governing related case assignments. If it is "[in]appropriate for a party to be able to seek review of a decision of one judge of this Court by three of that judge's co-equal colleagues," it must be doubly so to have a party ask three district judges to yank a question from under the D.C. Circuit's purview on the day before the D.C. Circuit

---

[1] If Defendants believed that Judge Scullin's original designation contained any relevant limitation, they were in possession of that document since July, 2011. Not thinking of a legal argument is not the same as being unaware of the basis for that argument. Defendants plainly had entertained thoughts about the limits of that designation, as they displayed in *Smith*.

is to hear argument on that very question, upon which it specifically directed supplemental briefing. And of course, Plaintiffs' supplemental brief before the D.C. Circuit offers additional reasons for opposing this motion.

But Plaintiffs should not have to rehash those arguments here while they are preparing to argue those points before the D.C. Circuit. A controlling appellate decision on the assignment matter, one way or another, will come soon enough.

## CONCLUSION

Plaintiffs respectfully request that their opposition to the Defendants' reassignment motion not be due until fourteen days after the issuance of the D.C. Circuit's mandate in the present interlocutory appeal.

Dated: October 26, 2015						Respectfully submitted,

								Alan Gura (D.C. Bar No. 453449)
								Gura & Possessky, PLLC
								105 Oronoco Street, Suite 305
								Alexandria, VA 22314
								703.835.9085/Fax 703.997.7665

						By:	/s/ Alan Gura
								Alan Gura
								Attorney for Plaintiffs

# Alan Gura

| | |
|---|---|
| **From:** | Saindon, Andy (OAG) [andy.saindon@dc.gov] |
| **Sent:** | Friday, October 23, 2015 3:00 PM |
| **To:** | Alan Gura |
| **Subject:** | RE: Wrenn, Brian, et al v. DC, No. 15-cv-162 (FJS) |

Thanks. As to your question, it may make no immediate difference at all.

---

**From:** Alan Gura [mailto:alan@gurapossessky.com]
**Sent:** Friday, October 23, 2015 2:56 PM
**To:** Saindon, Andy (OAG)
**Subject:** RE: Wrenn, Brian, et al v. DC, No. 15-cv-162 (FJS)

I did just get your voicemail, and was meaning to respond.

Of course my clients oppose this. But while I could see why you want to pick a different judge, I have to ask--
What immediate difference would it make?
The case is on appeal and will be argued soon. It is the standard practice under such circumstances not to proceed in the district court at all – and I've got a long string cite of second amendment cases, in particular, where district court proceedings were stayed when there was an early interlocutory appeal touching on the merits, for obvious reasons.

---

**From:** Saindon, Andy (OAG) [mailto:andy.saindon@dc.gov]
**Sent:** Friday, October 23, 2015 2:35 PM
**To:** 'Alan Gura' (alan@gurapossessky.com)
**Subject:** Wrenn, Brian, et al v. DC, No. 15-cv-162 (FJS)

Alan, did you get my voicemail? We want to file a Motion for Case Reassignment, and I need to ask your consent. I assume you will not, but please let me know, so we can get this filed by COB. Thanks.

Andrew J. Saindon
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 4th Street, NW
Sixth Floor, Suite 600S
Washington, DC 20001
(202) 724-6643
(202) 730-1470 (f)

***Confidentiality Notice***
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

***Metadata:*** This email transmission and any accompanying material may contain embedded metadata. Any included metadata is confidential or privileged information and is not intended to be viewed by a non-client recipient.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN WRENN, et al., ) | Case No. 15-CV-162-FJS |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

[PROPOSED] ORDER

This matter came before the Court on Plaintiffs' motion to extend time to respond to Defendants' motion for case reassignment.

Good cause having been shown, the motion is GRANTED.

Plaintiffs shall have until fourteen days from the date of the D.C. Circuit's mandate in the present interlocutory appeal, D.C. Cir. No. 15-7057, to respond to Defendants' motion for case reassignment.

This the ____ day of October, 2015.

_____
The Hon. Frederick J. Scullin, Jr.
United States District Judge