IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| BRIAN WRENN, et al., | ) | Case No. 15-7057 |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |
| _____ | ) | |

NOTICE OF CORRESPONDENCE

The attached correspondence was sent today to the Hon. John G.

Roberts, Jr., Chief Justice of the United States.

Dated: December 1, 2015      Respectfully submitted,

                               Alan Gura
                               Gura & Possessky, PLLC
                               105 Oronoco Street, Suite 305
                               Alexandria, VA 22314
                               703.835.9085/703.997.7665

               By:   /s/ Alan Gura
                      Alan Gura

                      Attorney for Appellees



GURA &
POSSESSKY

105 ORONOCO STREET, SUITE 305
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

December 1, 2015

The Hon. John G. Roberts, Jr.
Chief Justice of the United States
United States Supreme Court
1 First Street, N.E.
Washington, D.C. 20543-0001

Dear Chief Justice Roberts:

I am writing Your Honor in Your Honor's administrative capacity, as the Chief Justice, over the designation and assignment of United States District Judges pursuant to 28 U.S.C. § 294, et seq. There is no apparent formal process established for resolving situations such as the one prompting this correspondence. I had previously submitted an application (enclosed), but the Clerk returned it, stating that the Court's rules do not provide for administrative relief. I cannot disagree with that assessment. But the Clerk's Office further confirmed that correspondence directly addressed to Your Honor would be read and reviewed.

The D.C. Circuit has raised an issue with respect to Your Honor's July 1, 2011, designation and assignment of the Hon. Frederick J. Scullin, Jr., of the Northern District of New York, to "perform judicial duties" in the District of Columbia. The Court has questioned whether the scope of Judge Scullin's designation extended to the hearing of cases duly related under the local rules to those listed in Your Honor's order. The inquiry threatens to undo a year's worth of significant litigation efforts in my clients' case, and raises profound questions about the scope of visiting judges' authority generally.

As detailed in the enclosed application, it appears to be within Your Honor's authority to quickly and definitively resolve the issue by either clarifying the scope of Judge Scullin's designation or, as suggested by two circuits, issuing an order *nunc pro tunc* confirming Judge Scullin's authority over the related case. On behalf of my clients, I respectfully seek this relief.

Sincerely,

Alan Gura

Enclosures

cc:     The Hon. Merrick B. Garland
        Holly M. Johnson (w/o encls.)

November 24, 2015

Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314

    RE: Wrenn, et al. v. District of Columbia, et al.
        Application To The Chief Justice

Dear Mr. Gura:

   Your application addressed to the Chief Justice, received November 23, 2015, is herewith returned for the reasons given during our phone conversation of this date.

    This office has made the determination that the application seeks administrative action from the Chief Justice and therefore does not comply with the Rules of this Court.

                Sincerely,
                Scott S. Harris, Clerk
                By:

                Danny Bickell
                (202) 479-3024

Enclosures

App. No. _____

---

In the
Supreme Court of the United States

---

Brian Wrenn, Joshua Akery, Tyler Whidby, and
Second Amendment Foundation, Inc.,

Petitioners,

v.

District of Columbia and Cathy Lanier,

Respondents.

---

ON APPLICATION FOR AN ORDER RE: THE CHIEF JUSTICE'S
JULY 1, 2011 DESIGNATION AND ASSIGNMENT OF
THE HON. FREDERICK J. SCULLIN, JR.,TO
"PERFORM JUDICIAL DUTIES" IN THE DISTRICT OF COLUMBIA

---

PETITIONERS' APPLICATION FOR AN ORDER RE:
THE JULY 1, 2011 DESIGNATION AND ASSIGNMENT OF
THE HON. FREDERICK J. SCULLIN, JR., TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, Virginia 22314
703.835.9085/Fax 703.997.7665
alan@gurapossessky.com

November 23, 2015

# Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Reasons for Granting the Application . . . . . . . . . . . . . . . . . . . . . . 12

   I.   The "Judicial Duties" That Were the Subject of
        Judge Scullin's *Palmer* Designation and Assignment
        Included Ordinary Related Case Duties Under
        D.D.C. LCvR 40.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

  II.  If Judge Scullin's Designation and Assignment to
        "Perform Judicial Duties" Did Not Extend to Related Cases,
        It Should Be So Extended Now, *Nunc Pro Tunc* . . . . . . . . . . . . . 17

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

i

# Table of Authorities

## Cases

*Ball* v. *United States*,
    140 U.S. 118 (1891) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Frad* v. *Kelly*,
    302 U.S. 312 (1937) . . . . . . . . . . . . . . . . . . . . . . . . 11, 14, 18

*In re IKO Roofing Shingle Prods. Liab. Litig.*,
    757 F.3d 599 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . 18

*Johnson* v. *Manhattan R. Co.*,
    289 U.S. 479 (1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Leary* v. *United States*,
    268 F.2d 623 (9th Cir. 1959) (en banc) . . . . . . . . . . . . . . 2, 18, 19

*McDowell* v. *United States*,
    159 U.S. 596 (1895) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Nguyen* v. *United States*,
    539 U.S. 69 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 17, 18

Order, *In re Palmer*, D.C. Cir. No. 13-5317 (Dec. 16, 2013) . . . . . . . . . 8

*Palmer* v. *District of Columbia*,
    59 F. Supp. 3d 173 (D.D.C. 2014) . . . . . . . . . . . . . . . . . . . . . . . 8

*Two Guys from Harrison-Allentown, Inc.* v. *McGinley*,
    266 F.2d 427 (3d Cir. 1959) . . . . . . . . . . . . . . . . . . . . . 2, 14, 19, 20

*United States ex rel. Fehsenfeld* v. *Gill*,
    292 F. 136 (4th Cir. 1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States* v. *Royals,*
   777 F.2d 1089 (5th Cir. 1985) ........................... 13

*Wrenn* v. *District of Columbia*, No. 15-CV-162-FJS,
   2015 U.S. Dist. LEXIS 71383 (D.D.C. May 18, 2015) ......... 11


Statutes and Rules

24 D.C.M.R. § 2333.4 ...................................... 9

28 U.S.C. § 294 ...................................... 11, 14

28 U.S.C. § 296 ...................................... 11, 13

D.C. Code § 7-2509.11(1)(A) .............................. 8, 9

D.C. Code § 7-2509.11(1)(B) ................................. 9

D.D.C. LCvR 40.5 ................................... 4, 13-15

LCvR 40.5(a)(3) .......................................... 10

LCvR 40.5(b)(2) ........................................... 9

LCvR 40.5(c)(1) .......................................... 10

S. Ct. R. 29.6 ............................................ 1

App. No. _____

---

In the
Supreme Court of the United States

---

Brian Wrenn, Joshua Akery, Tyler Whidby, and
Second Amendment Foundation, Inc.,

Petitioners,

v.

District of Columbia and Cathy Lanier,

Respondents.

---

PETITIONERS' APPLICATION FOR AN ORDER RE:
THE JULY 1, 2011 DESIGNATION AND ASSIGNMENT OF
THE HON. FREDERICK J. SCULLIN, JR., TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

To the Honorable John G. Roberts, Chief Justice of the United States:

Petitioners Brian Wrenn, Joshua Akery, Tyler Whidby, and

Second Amendment Foundation, Inc. ("SAF"),[1] respectfully request an

---

[1] The Petitioners have no parents, and there are no publicly held
companies that hold any stock of the Petitioners. S. Ct. R. 29.6.

1

order clarifying that the term "perform judicial duties," as used without qualification in the Chief Justice's July 1, 2011, Designation and Assignment of the Hon. Frederick J. Scullin, Jr., Senior United States District Court Judge for the Northern District of New York, to serve in the District of Columbia, App. A1, extends to local rule obligations concerning the assignment of related cases. In the alternative, Petitioners respectfully request an order *nunc pro tunc* extending Judge Scullin's designation and assignment to the assignment of civil cases duly related to those to which he has been specifically designated, including *Wrenn* v. *District of Columbia*, D.D.C. No. 15-162-FJS. Cf. *Leary* v. *United States*, 268 F.2d 623, 628 (9th Cir. 1959) (en banc); *Two Guys from Harrison-Allentown, Inc.* v. *McGinley*, 266 F.2d 427, 430 n.1 (3d Cir. 1959).

## Introduction

The D.C. Circuit has *sua sponte* questioned the meaning of the Chief Justice's order designating and assigning the district judge who heard Petitioners' case. The dispute not only threatens to wipe out a year's worth of litigation effort, and deprive the parties of a judge

possessing over four years' experience in the dispute, but bears profound implications for the administration of the federal courts. Fortunately, very simple remedies are at hand: an order clarifying the scope of the judge's designation and assignment, or, as courts have suggested, a technical modification of that assignment *nunc pro tunc*. Petitioners respectfully seek either of those remedies.

* * *

The Chief Justice's July 1, 2011 designation and assignment of Frederick J. Scullin, Jr., a Senior District Judge from the Northern District of New York, to relieve a judicial emergency in the District of Columbia, is (or should be) unremarkable. The D.C. Circuit's Chief Judge having identified a need for assistance, the Chief Justice designated Judge Scullin to "perform judicial duties" in a variety of cases then-pending in the United States District Court for the District of Columbia.

Until now, there was not much mystery as to what "perform judicial duties" means. Or at least, neither Judge Scullin, nor the District Court Clerk, nor any party to this litigation, appeared to doubt the term's meaning. Visiting judges are (or were) thought to equal

regular judges of the host districts in all respects, enjoying the same powers, and having the same obligations, as their local brethren under the host district's rules. One such ordinary but important obligation is the duty to hear related cases, which, in the United States District Court for the District of Columbia, a district judge may be assigned even over his or her objections per D.D.C. LCvR 40.5.

Judge Scullin—acting under his unqualified designation to "perform judicial duties" in *Palmer* v. *District of Columbia*, D.D.C. No. 09-1482, and in accordance with his obligations under the local rules as the judge in *Palmer*—accepted the assignment of Petitioners' related case below, *Wrenn* v. *District of Columbia*, D.D.C. No. 15-CV-162. Respondents, who would later demonstrate familiarity with the process for objecting to related case assignments involving Judge Scullin and *Palmer*, raised no objection to the related case designation here.

Judge Scullin thereafter granted Petitioners' motion for a preliminary injunction. The parties and numerous amici on both sides expended significant time and resources in the course of litigating Respondents' appeal, which was argued November 20, 2015. In the

course of that argument, it appeared reasonably likely that the D.C. Circuit is poised to afford the Chief Justice's designation and assignment of Judge Scullin a parsimonious reading, denying Judge Scullin's authority to hear related cases.

Moreover, the D.C. Circuit apparently believes that Judge Scullin's alleged lack of formal designation is jurisdictional, notwithstanding what would be, if Judge Scullin's designation were ineffective, the classic situation calling for invocation of the judge de facto doctrine. *Nguyen* v. *United States*, 539 U.S. 69 (2003). The sum of these two conclusions would lead to vacatur of Judge Scullin's efforts, and call upon a new judge—one who has not been with the dispute since July 1, 2011—to resolve the case.

This erroneous path would not merely waste litigant and judicial resources already expended, delay the relief of a serious civil rights violation by perhaps another year, necessitate the involvement of at least one and perhaps four additional judges (a new district judge and, assuredly, a new appeal), contradict this Court's precedent, and place the D.C. Circuit into conflict with other circuits that have found designation errors to be non-jurisdictional. Denying visiting judges who

are specifically designated to resolve particular disputes the authority to hear related cases would raise substantial questions about the utility of the entire visiting judge enterprise.

A simple order clarifying the scope of Judge Scullin's assignment would avert all these consequences. So, too, would an order authorizing Judge Scullin to hear duly-related cases *nunc pro tunc*, the approach suggested by two circuits that faced actual designation difficulties.

## Background

The parties' dispute dates to August 6, 2009. On that day, Petitioner SAF and four of its members filed a complaint against Respondents in *Palmer* v. *District of Columbia*, D.D.C. 09-1482, challenging the constitutionality of Washington, D.C.'s total ban on the carrying of handguns for self-defense.

Originally assigned to the Hon. Henry H. Kennedy, *Palmer* stood ready for decision on cross-motions for summary judgment by October 9, 2009. The basic facts were undisputed; the parties disputed only the constitutionality of the city's laws. The case nonetheless languished without decision when, on July 1, 2011, the Chief Justice designated

Judge Scullin

> to perform judicial duties in the United States District Court for the District of Columbia for the period or purpose stated and for such time as needed in advance to prepare and to issue necessary orders, or thereafter as required to complete unfinished business.

App. A. The order did not state a "period" for Judge Scullin's assignment, as has historically often been the case. But it did state a "purpose": the Chief Judge of the D.C. Circuit had certified that there was a need for a visiting judge "to perform judicial duties in the United States District Court for the District of Columbia in . . . 09cv1482 [*Palmer*] . . . ." *Id.*

This designation and assignment did not appear to have the intended effect, as the case remained undecided notwithstanding the *Palmer* plaintiffs' various efforts to elicit a decision. On October 21, 2013, with their case entering its fifth year without a decision, *Palmer* plaintiffs petitioned the D.C. Circuit for a writ of mandamus in aid of its appellate jurisdiction, to direct the district court to issue a decision. *In re Palmer*, D.C. Cir. No. 13-5317. But on December 16, 2013, the D.C. Circuit denied the petition without prejudice, offering that the delay was not "so egregious or unreasonable" as to warrant mandamus

relief. Order, *In re Palmer*, D.C. Cir. No. 13-5317 (Dec. 16, 2013).

*Palmer* plaintiffs renewed their mandamus petition on May 6, 2014.

They dismissed the petition when, on July 26, 2014, Judge Scullin

issued his long-awaited decision in *Palmer*—and struck down the

District's handgun carry ban. *Palmer* v. *District of Columbia*, 59 F.

Supp. 3d 173 (D.D.C. 2014).

Holding that people must have some way of exercising the right to

bear arms, Judge Scullin enjoined the District from enforcing its carry

prohibition

> unless and until such time as the District of Columbia adopts a
> licensing mechanism consistent with constitutional standards
> enabling people to exercise their Second Amendment right to bear
> arms.

*Palmer*, 59 F. Supp. 3d at 183 (footnoted omitted). The District

responded by enacting laws allowing Respondent Police Chief Lanier

the discretion to license individuals to carry defensive handguns . . .

when she believes that they have a "good" or "proper" "reason" to

exercise their right to bear arms. The generalized interest in self-

defense is insufficient. A "good reason" is a "special need for

self-protection distinguishable from the general community," D.C. Code

§ 7-2509.11(1)(A). "The fact that a person resides in or is employed in a high crime area shall not by itself establish a good reason to fear injury to person or property for the issuance of a concealed carry license." 24 D.C.M.R. § 2333.4. A "proper" reason includes specific types of employment related to "cash or other valuable objects." D.C. Code § 7-2509.11(1)(B).

*Palmer* plaintiffs did not believe that the "new" law was new at all, nor did they believe that it complied with Judge Scullin's injunction requiring any new licensing mechanism to comport with constitutional standards. They sought further relief from the District Court in *Palmer*, in the form of another injunction and by seeking to have the Respondents held in contempt of the *Palmer* injunction.

On February 3, 2015, with those motions questioning the "new" law's constitutionality still pending in *Palmer*, Petitioners brought their case, making the same points as to the law's unconstitutionality. As required by LCvR 40.5(b)(2), Petitioners noticed the still-pending *Palmer* case as related.[2] Respondents were required to serve any

---

[2]"Civil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they

9

objection to the related case designation with their "first responsive pleading or motion." *Id.* They never did so, despite moving for an extension of time on February 12, 2015 and answering on June 1, 2015.[3]

Presumably, the Clerk of the District Court presented this case to Judge Scullin, as the judge presiding in *Palmer*, "the oldest related case." LCvR 40.5(c)(1). As part of his judicial duties in *Palmer*, it was for Judge Scullin to determine as an initial matter whether the cases were related, or whether he should transfer the new case back for reassignment. *Id.* But the Calendar and Case Management Committee would have randomly reassigned this case only if it agreed with Judge Scullin that the cases were unrelated. "If the Calendar and Case Management Committee finds that good cause for the transfer does not exist, it may return the case to the transferring judge." *Id.*

---

. . . (ii) involve common issues of fact, or (iii) grow out of the same event or transaction . . . ." LCvR 40.5(a)(3).

[3]When the plaintiffs in *Smith* v. *District of Columbia*, D.D.C. No. 15-737, prompted that case's assignment to Judge Scullin by noticing it as related to *Palmer*, the District of Columbia timely objected—and Judge Scullin sustained that objection.

Judge Scullin must have agreed that the two cases were related, because he kept Petitioners' case. And on May 18, 2015, the same day he declined to take action in *Palmer,* Judge Scullin granted Petitioners' motion for a preliminary injunction. *Wrenn* v. *District of Columbia*, No. 15-CV-162-FJS, 2015 U.S. Dist. LEXIS 71383 (D.D.C. May 18, 2015). Judge Scullin declined to stay his injunction pending appeal, but the D.C. Circuit granted Respondents' motion for a stay. The appeal would see both sides generate a combined six amicus briefs representing the views of twenty-three amici, including six states.

On September 15, 2015, the D.C. Circuit ordered the parties to submit simultaneous supplemental briefs on the following questions:

(1)   Whether Senior District Judge Frederick J. Scullin, Jr. of the Northern District of New York was authorized by the notice of designation and assignment of July 1, 2011, or any other notice of designation and assignment, to enter any order in this case. *See* 28 U.S.C. §§ 294-296.

(2)   Whether, if Judge Scullin was not so authorized, he lacked jurisdiction to adjudicate the case. *See* Frad v. Kelly, 302 U.S. 312 (1937).

Order, *Wrenn* v. *Dist. of Columbia*, D.C. Cir. No. 15-7057 (Sept. 15, 2015) (App. B). The D.C. Circuit heard the case on November 20, 2015.

## Reasons for Granting the Application

Petitioners must begin by acknowledging the obvious: a request of this nature is unusual, perhaps unprecedented. Petitioners can identify no instance where a party has asked the Chief Justice for an order clarifying or correcting his designation and assignment of a district judge, there is no specific procedure for making this request, and the only two instances referencing such corrective orders, dating to 1959, involved corrective action undertaken not by the parties but by the courts.

But at argument before the D.C. Circuit, when counsel pointed out that any shortcoming in Judge Scullin's paperwork would not be jurisdictional because Judge Scullin is an Article III judge who could have been, and still might be, appointed, the panel suggested it was *Petitioners'* obligation to seek such clarification from the appointing authority. Very well.

I.  THE "JUDICIAL DUTIES" THAT WERE THE SUBJECT OF JUDGE SCULLIN'S *PALMER* DESIGNATION AND ASSIGNMENT INCLUDED ORDINARY RELATED CASE DUTIES UNDER D.D.C. LCvR 40.5.

A visiting judge

shall discharge [in the appointment's course] *all* judicial duties for which he is designated and assigned. He may be required to perform *any duty* which might be required of a judge of the court or district or circuit to which he is designated and assigned. Such justice or judge shall have *all the powers* of a judge of the court, circuit or district to which he is designated and assigned . . . .

28 U.S.C. § 296 (emphasis added). Simply put, "[s]ection 296 provides . . . that a judge sitting by designation shall have all the powers of a judge of the district to which he is designated and assigned." *United States* v. *Royals*, 777 F.2d 1089, 1091 (5th Cir. 1985).

"No doubt [Judge Scullin] was under a duty to recognize and respect all valid rules of the District Court which were applicable to the proceedings before him," *Johnson* v. *Manhattan R. Co.*, 289 U.S. 479, 503 (1933), upon accepting the designation and assignment "to perform judicial duties" in *Palmer*.

Among the valid rules "applicable to the proceedings before him" was the obligation to be assigned related cases. D.D.C. LCvR 40.5. Rule 40.5 did not in any way conflict with Judge Scullin's designation. Certainly nothing in that designation suggests, contrary to Section 296's broad assignment of full judicial authority, that Judge Scullin would be deprived of this essential judicial function. Indeed, Rule 40.5

13

serves the same purpose as the statute pursuant to which Judge Scullin was assigned *Palmer*. Section 294 "was designed to avoid delays in the disposition of litigation and this section should be construed liberally to effect such a result." *Two Guys*, 266 F.2d at 430 n.1; cf. *United States ex rel. Fehsenfeld* v. *Gill*, 292 F. 136 (4th Cir. 1923) (predecessor statute "intended to have a liberal and elastic rather than a strict and rigid construction, to facilitate the business of the courts.").

Judge Scullin's Rule 40.5 obligations are not questioned by *Frad* v. *Kelly*, 302 U.S. 312 (1937). *Frad* explained the limits of a *durational* assignment, by which a judge sits not, as here, for a particular cause, but for a period of time. After discussing the extent of the judge's authority "though the period of his service has expired," *id.* at 316, and what the judge might do "notwithstanding the termination of his period of service in the foreign district," *id.* at 317, the Court explained that after "the expiration of his term of service . . . no authority is given to hear a new matter even though that new matter may arise in the same case." *Id.*

No authority by the *durational* designation, which had expired. Judge Scullin's appointment was different. It was not time-bound, but specific to, inter alia, *Palmer*, for *Palmer*'s duration and "thereafter as required to complete unfinished business" with respect to "judicial duties" in *Palmer*. These duties had not expired when, pursuant to said designated "judicial duties" and for no other reason, the Clerk assigned Judge Scullin Petitioners' case, which LCvR 40.5 obliged the judge to accept.

Stated differently: had Judge Scullin been assigned *Palmer* under a *Frad*-type temporary designation, an argument might be made that LCvR 40.5 could not extend the term of his designation beyond its expiration date. But here, nothing had expired—Judge Scullin was still around, under his *Palmer*-specific designation, when pursuant to that designation *and consistent with its obvious purpose*, he was asked to see the dispute through to its end.

Of course, regardless of how *Frad* applied time limits in the case of a judge appointed for a limited time, the question raised in Petitioners' first claim for relief is how the Chief Justice understood

"perform judicial duties" as that term was used in the contested July 1, 2011 designation and assignment. And with respect to this type of designation and assignment, there is no reason to require a new rule whereby a district judge assigned for the specific purpose of resolving a particular, long-delayed case is somehow uniquely barred from hearing duly-assigned related cases.

A judge barred from hearing related claims is, respectfully, not as useful as a judge who can leverage years of thinking and learning about a complex situation into resolving follow-on claims. A judge that has spent many years handling a matter, and has become intimately familiar with a dispute and its contours, should see the dispute to its conclusion—even (and perhaps especially) if it continues under a different docket number.

And if visiting judges are not bound by related-case obligations, and lack related-case authority, what other limitations and qualifications to these judges' authority might parties—and judges—surprisingly discover many years into a dispute? Judge Scullin, who in all fairness must be presumed to have been aware of the limits of his

designation, was doubtless at least as surprised as were the parties by the D.C. Circuit's questioning of his authority.

## II. IF JUDGE SCULLIN'S DESIGNATION AND ASSIGNMENT TO "PERFORM JUDICIAL DUTIES" DID NOT EXTEND TO RELATED CASES, IT SHOULD BE SO EXTENDED NOW, *NUNC PRO TUNC*.

As the D.C. Circuit's order suggested, the question of whether Judge Scullin was authorized to hear Petitioners' case is not in and of itself dispositive. Answering that first question in the negative would only raise the question of whether the lack of designation amounted to a jurisdictional defect.

Petitioners would argue, as they did below, that Judge Scullin properly exercised the district court's jurisdiction as a judge de facto because he is, in fact, an Article III judge who at least purported to act as a judge of the District Court for the District of Columbia, and nobody objected to his so doing. "Typically, we have found a judge's actions to be valid de facto when there is a 'merely technical' defect of statutory authority." *Nguyen*, 539 U.S. at 77 (citations omitted). "The difference between the irregular judicial designations" encompassed by the judge de facto doctrine and "impermissible" designations is "the difference

between an action which could have been taken, if properly pursued, and one which could never have been taken at all." *Id.* at 79; *McDowell v. United States*, 159 U.S. 596, 598 (1895); *Ball* v. *United States*, 140 U.S. 118 (1891). "[E]rrors in designation do not spoil the action of the judge who actually renders decision." *In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 601 (7th Cir. 2014) (citing *McDowell* and *Ball*).

And Petitioners would further argue that *Frad* does not swallow the entire judge de facto doctrine. As the en banc Ninth Circuit explained *Frad*, jurisdiction in that case was lacking because the visiting judge, having returned home upon the expiration of his appointment, "purported to act on a matter in a district where such matter was not then pending." *Leary*, 268 F.2d at 627. That is not the situation here.

But for purposes of this application, there is no need to resolve the jurisdictional question at all. If anything, there is a need to avoid the issue. That much would be accomplished by simply extending Judge

Scullin's authority to this case, *nunc pro tunc*, if he does not already possess it.

In *Leary*, a visiting judge who began hearing a case before the effective date of his appointment "said he could get the assignment amended by a nunc pro tunc order." *Leary*, 268 F.2d at 624. The en banc Ninth Circuit highlighted that prospect in affirming the trial's validity:

> As we construe § 292(c) [today, § 292(d)], it provides for the administrative performance by the Chief Justice of what amounts to little more than a ministerial act. That section does not impose strict jurisdictional requirements. It seeks only to encourage and enhance the speedy and efficient administration of justice in the various courts of the United States. To this end, and as the judge below noted, a nunc pro tunc order could have been obtained by the mere exchange of communication between San Francisco, New York, and Washington, D.C.

*Leary*, 268 F.3d at 628 (footnote omitted). Here, the "mere exchange of communication" can take place entirely within a few Washington blocks.

In *Two Guys*, the Third Circuit's Chief Judge issued a *nunc pro tunc* designation under Section 294 to cure the effect of an inadvertent expiration:

In preparing the opinion of this court the fact that Judge Welsh's designation had terminated on May 20, 1958 appeared, and on February 17, 1959, the present writer filed an order in the court below giving Judge Welsh a general designation to the court below, nunc pro tunc as of May 21, 1958, and until further order. The court below had jurisdiction of the action and of the parties . . . The nunc pro tunc order served to correct the inadvertent omission of the exercise of ministerial power by the Chief Judge of the Circuit. Any irregularity in the designation and assignment of Judge Welsh on November 22, 1958 is not now open to question.

*Two Guys*, 266 F.2d at 430 n.1 (citations omitted).

There is no reason why a similar order cannot be entered to preserve the value of Judge Scullin's experience in this protracted dispute, and every reason to do so. There was nothing irregular or improper in his handling of the case. Apart from another bite at the apple for Respondents, and another delay of a year or more, what would be gained by narrowing Judge Scullin's authority? This is, at bottom, a dispute about paperwork, which a short order would definitively resolve.

## Conclusion

For the foregoing reasons, an order should issue clarifying that "perform judicial duties," as used in the July 1, 2011 designation and assignment of the Hon. Frederick J. Scullin, Jr., extends to related

cases, or in the alternative, that Judge Scullin be afforded related case authority including, specifically, authority over *Wrenn* v. *District of Columbia*, D.D.C. No. 15-162, *nunc pro tunc* to July 1, 2011.

Dated: November 23, 2015          Respectfully submitted,

_____
Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, Virginia 22314
703.835.9085/Fax 703.997.7665
alan@gurapossessky.com

App. No. _____

_____

In the
Supreme Court of the United States

_____

Brian Wrenn, Joshua Akery, Tyler Whidby, and
Second Amendment Foundation, Inc.,

Petitioners,

v.

District of Columbia and Cathy Lanier,

Respondents.

_____

PROOF OF SERVICE

_____

I, Alan Gura, counsel for Petitioners and a member of the bar of
this Court, certify that on November 23, 2015, I caused a copy of the
foregoing Application to be delivered to Holly M. Johnson, Assistant
Attorney General, Office of the Attorney General, 441 4th Street, N.W.,
Suite 600S, Washington, D.C. 20001, counsel for all the respondents
herein. Accordingly, all parties required to have been served have been
served.

_____
Alan Gura
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665
alan@gurapossessky.com

# Appendix Table of Contents

Appendix A,
  Designation and Assignment of a Senior United States
  District Judge for Service in Another Circuit . . . . . . . . . . . . . . A-1


Appendix B,
  Order, *Wrenn* v. *District of Columbia*,
  D.C. Cir. No.15-7057 (Sept. 15, 2015) . . . . . . . . . . . . . . . . . . . . B-1

### DESIGNATION AND ASSIGNMENT
### OF A SENIOR UNITED STATES JUDGE
### FOR SERVICE IN ANOTHER CIRCUIT

The Chief Judge of the United States Court of Appeals for the District of Columbia Circuit has certified that there is a necessity for the designation and assignment of a judge from another circuit or another court to perform judicial duties in the United States District Court for the District of Columbia in 10cv1646, 08cv1199, 09cv1482, 10cv985, 10cv2109, 09cv96, 06cv1216, 02cv603, 08cv77, and 06cv1652.  The

### HONORABLE FREDERICK J. SCULLIN, JR.

a Senior Judge of the United States District Court for the Northern District of New York has consented to such designation and assignment.

NOW, THEREFORE, pursuant to the authority vested in me by Title 28, United States Code, section 294(d), I do hereby designate and assign the Honorable Frederick J. Scullin, Jr., to perform judicial duties in the United States District Court for the District of Columbia for the period or purpose stated and for such time as needed in advance to prepare and to issue necessary orders, or thereafter as required to complete unfinished business.

CHIEF JUSTICE OF THE UNITED STATES

Washington, D.C. JUL - 1 2011

A True copy WILLIAM K. SUTER
Test:
Clerk of the Supreme Court of the United States
By_____
Chief Deputy

A-1

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 15-7057**                                          **September Term, 2015**

1:15-cv-00162-FJS

**Filed On:** September 15, 2015

Brian Wrenn, et al.,

        Appellees

    v.

District of Columbia and Cathy L. Lanier,

        Appellants

## O R D E R

It is **ORDERED**, on the court's own motion, that the parties file simultaneous supplemental briefs, not to exceed 4,000 words, addressing the following questions:

    (1) Whether Senior District Judge Frederick J. Scullin, Jr. of the Northern District of New York was authorized by the notice of designation and assignment of July 1, 2011, or any other notice of designation and assignment, to enter any order in this case.  *See* 28 U.S.C. §§ 294-296.

    (2) Whether, if Judge Scullin was not so authorized, he lacked jurisdiction to adjudicate the case.  *See* Frad v. Kelly, 302 U.S. 312 (1937).

In addition to the electronic filing, 8 paper copies of the briefs of appellants and appellees are due on or before September 28, 2015.

### Per Curiam

                        **FOR THE COURT:**
                        Mark J. Langer, Clerk

        BY:   /s/
                        Michael C. McGrail
                        Deputy Clerk

CERTIFICATE OF SERVICE

I certify that on this 1st day of December, 2015, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF System. I further certify that I will submit any required paper copies to the Court. I further certify that counsel for Defendants-Appellants is a registered CM/ECF user and will be served via the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 1st day of December, 2015.

/s/ Alan Gura
Alan Gura

*Counsel for Plaintiffs-Appellees*