# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued November 20, 2015      Decided December 15, 2015

No. 15-7057

BRIAN WRENN, ET AL.,
APPELLEES

v.

DISTRICT OF COLUMBIA AND CATHY L. LANIER,
APPELLANTS

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00162)

---

*Loren L. AliKhan*, Deputy Solicitor General, Office of the Attorney General for the District of Columbia, argued the cause for appellants. With her on the briefs were *Karl A. Racine*, Attorney General, *Todd S. Kim*, Solicitor General, and *Holly M. Johnson*, Assistant Attorney General.

*Brian E. Frosh*, Attorney General, Office of the Attorney General for the State of Maryland, *Joshua N. Auerbach*, Assistant Attorney General, *Lisa Madigan*, Attorney General, Office of the Attorney General for the State of Illinois, *Maura Healy*, Attorney General, Office of the Attorney General for the Commonwealth of Massachusetts, *Eric T. Schneiderman*, Attorney General, Office of the Attorney General for the State of New York, *Kamala D. Harris*, Attorney General, Office of

the Attorney General for the State of California, *George Jepsen*, Attorney General, Office of the Attorney General for the State of Connecticut, and *Douglas S. Chin*, Attorney General, Office of the Attorney General for the State of Hawaii, were on the brief for *amici curiae* States of Maryland, et al. in support of appellants.

*Adam K. Levin* and *Jonathan Lowy* were on the brief for *amici curiae* Brady Center to Prevent Gun Violence, et al. in support of appellants.

*Paul R.Q. Wolfson*, *Francesco Valentini*, and *Walter A. Smith Jr.* were on the brief for *amici curiae* DC Appleseed Center for Law & Justice, et al. in support of appellants.

*Deepak Gupta* was on the brief for *amicus curiae* Everytown for Gun Safety in support of appellants.

*Alan Gura* argued the cause and filed the briefs for appellees.

*Charles J. Cooper*, *David H. Thompson*, and *Peter A. Patterson* were on the brief for *amicus curiae* National Rifle Association of America, Inc. in support of appellees.

*Stephen P. Halbrook*, *Dan M. Peterson*, and *C.D. Michel* were on the brief for *amici curiae* Historians, Legal Scholars, and CRPA Foundation in support of appellees.

Before: PILLARD, *Circuit Judge*, and SILBERMAN and SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

3

SENTELLE, *Senior Circuit Judge*: Appellants District of Columbia and the District's Police Chief appeal from the grant of a preliminary injunction restraining enforcement of a "good reason" standard in the D.C. Code provision governing the issuance of licenses for the carrying of concealed weapons. D.C. Law 20-279, § 3(b).

Although the parties fully briefed the case on the merits, we will not reach the substantive issues raised in their original submissions, as we must dispose of the matter on jurisdictional grounds. The controlling fact in this case is the identity of the judge who decided it in the district court – The Honorable Senior United States District Judge Frederick J. Scullin, Jr., of the Northern District of New York. The difficulty in this case is evident from the office of the deciding judge. Judge Scullin is a Judge of the Northern District of New York, not of the United States District Court for the District of Columbia. Under the Constitution and the statutes, the President, with the advice and consent of the Senate, appoints a judge to the district court of a particular district, where he exercises the jurisdiction of the court.

It is possible for a district judge, including a senior judge, to lawfully adjudicate matters in another district. However, in order for a judge to exercise this judicial authority in a district located outside the circuit of his home district, the judge must be "designated and assigned by the Chief Justice." 28 U.S.C. § 294(c)-(d). *See also* 28 U.S.C. § 294(e) ("No retired [*i.e.*, senior] . . . judge shall perform judicial duties except when designated and assigned.").

Before the visiting judge may be designated and assigned by the Chief Justice, the chief judge of the receiving district must "present[] . . . a certificate of necessity." 28 U.S.C. § 294(d). Then, and only then, may the Chief Justice of the

4

United States "designate[] and assign[]" the judge duties in the receiving district. *Id.* Although Judge Scullin had served under a properly issued designation, the difficulty in the present case is that designation was limited to specific and enumerated cases. The present litigation is not one of those cases.

The error in this case is quite understandable. The calendar committee of the district court assigned the matter to Judge Scullin because it deemed the case to be related to another case over which Judge Scullin presided. The difficulty is, while the earlier case was within the Chief Justice's designation, the present one is not.

Although we are satisfied the statutes clearly determine on their face that Judge Scullin had no authority to decide this matter, there is also clear precedent compelling that result. In *Frad v. Kelly*, 302 U.S. 312 (1937), a district judge sat as a visiting judge under a designation for a specified period of time. After the expiration of that time, he issued an order in a case which he had previously heard in the visited district. *Id.* at 313. The Supreme Court concluded that the order was "null" because the judge by that time had no authority in the district in which he issued the order. *Id.* at 316.

The Court explained that while a visiting judge could "perform the functions which are incidental and supplementary to the duties performed by him while present and acting in the designated district," neither the statute nor the designation empowered him to act beyond the temporal limitations under which he was designated. *Id.* at 316-17. In explaining its holding, the Court noted that the statutory limitations on the authority of visiting judges are jurisdictional. *See id.* at 319.

We conclude that *Frad* controls this case. Like the designated judge in *Frad*, Judge Scullin had a limited

5

designation that did not extend beyond the specifications of that designation. In *Frad*, the breached limitation was temporal; in this case, it is case designation. In either case, a judge acting beyond his designation acts without jurisdiction. Appellees argue that the *de facto* officer doctrine supports Judge Scullin's jurisdiction, but that doctrine does not apply. The *de facto* officer doctrine applies in the context of technical defects and confers validity upon acts performed by a person acting under color of official title, even if it is later determined that the title is deficient. *Nguyen v. United States*, 539 U.S. 69, 77-78 (2003). The designation for specific cases is not a technical matter. It is in fact jurisdictional.

We realize that we are undoing the work of litigation to date, but we have no choice. As the Supreme Court noted in *Frad*, an order entered by a judge without jurisdiction is "null." Of course in *Frad*, the Supreme Court caused the undoing of litigation which had gone far beyond the stage we address today. Similarly, in *United States v. American-Foreign Steamship*, 363 U.S. 685 (1960), the Supreme Court vacated an en banc decision of a court of appeals when a senior judge sat with the en banc court, in violation of the statute. There, as here, no party challenged the judge's authority until after the decision issued. Nonetheless, because the mere participation of one of a group of judges was beyond the statutory limits of that judge's authority, the judgment was undone. *Id.* at 691.

## CONCLUSION

We have no choice but to vacate the order entered, as it was beyond the jurisdiction of the issuing judge.

*So ordered.*